United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20664
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARINO LOUIS GONZALEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-664-1

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:[*]

Marino Louis Gonzalez pleaded guilty to possession with intent
to distribute more than one kilogram of heroin, in violation of 21
U.S.C. § 841, and importation of more than one kilogram of heroin,
in violation of 21 U.S.C. §§ 952 and 960.  The district court,
finding the applicable Guidelines imprisonment range to be 70-87

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

months, sentenced Gonzalez to 70 months of imprisonment and five years of supervised release.

On appeal, Gonzalez challenged only the constitutionality of the statutes under which he had been convicted. On February 18, 2004, we rejected that challenge and affirmed the conviction and sentence. See United States v. Gonzalez, 88 Fed. Appx. 779 (5th Cir. Feb. 18, 2004). On January 24, 2005, the Supreme Court vacated our judgment and remanded to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Jimenez-Velasco v. United States, 125 S. Ct. 1110 (2005) (consolidated petition including Gonzalez).

Gonzalez now contends that his sentence runs afoul of Booker. As Gonzalez acknowledges, he did not raise a Booker-type issue in the district court and, thus, our review is for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). In order to establish plain error, Gonzalez must show: (1) error, (2) that is clear and obvious, and (3) that affects substantial rights. Mares, 402 F.3d at 520; United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

2

Gonzalez's claim fails at the third step of the plain error analysis because he has not shown that the error affected his substantial rights. Although the district court selected a sentence at the bottom end of the Guidelines imprisonment range, there is no indication in the record that the district court would have imposed a lower sentence if the guidelines had been advisory. See Infante, 404 F.3d at 394-95; cf. United States v. Pennell, 409 F.3d 240, 246 (5th Cir. 2005) (third prong met where district court sentenced defendant to low end of range and made comments indicating that it would have imposed a lower sentence had it not been constrained). He has not carried his "burden of demonstrating that the result would have likely been different had the judge been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime." Mares, 402 F.3d at 522 (emphasis added); see also id. at 521 ("[T]he pertinent question is whether [Appellant] demonstrated that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."). As Gonzalez has not satisfied the third prong of the plain error test, he is not entitled to resentencing.

We reinstate our prior opinion affirming Gonzalez's conviction and sentence is affirmed. AFFIRMED.